## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUSTUS JAMES KALSON,** | § | |
| **TDCJ #02409444,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-23-CV-00930-XR** |
| **v.** | § | |
| | § | |
| **OFFICER F/N/U SCOTT, #3345, Comal** | § | |
| **County Jail, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## SHOW CAUSE ORDER

Before the Court is *pro se* Plaintiff Justus James Kalson ("Kalson's") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court granted Kalson's request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 4). Upon review, the Court finds Kalson's Complaint deficient. (*Id.*). Therefore, the Court orders Kalson to file an amended complaint curing, to the extent possible, the Complaint's legal deficiencies, which are described below.

### BACKGROUND

Records from the Texas Department of Criminal Justice ("TDCJ") show Kalson is currently confined in the Clemens Trusty Camp II based on his convictions for fraud, tampering with evidence, and felon in possession of a firearm. *See* Texas Department of Criminal Justice Inmate Search (last visited Aug. 2, 2023). While confined, Kalson filed this § 1983 action based on events that allegedly occurred in April 2022 when he was incarcerated in the Comal County Jail ("CCJ"). (ECF No. 1); *see* public.co.comal.tx.us/JailingSearch.aspx?ID=400 (last visited Aug. 2, 2023). Kalson named as defendants in this matter: (1) Officer F/N/U Scott, CCJ; (2) Sergeant F/N/U Haynes, CCJ; (3) Sergeant F/N/U Ebert, CCJ; and (4) the CCJ. (ECF No. 1).

Kalson contends Officer Scott placed him in a filthy segregation cell as punishment, "leaving [him] to clean the cell on his own." (*Id.*). He states the cell had smeared feces on the walls and floor because the prior occupant relieved himself on the floor. (*Id.*). As for Sergeants Haynes and Ebert, Kalson asserts they "were both made aware of the incident but failed to take any action to remedy the situation." (*Id.*). He further claims Sergeant Ebert, who is the CCJ's grievance officer, refused to provide him with a grievance forms, violating his constitutional rights and provisions promulgated by the Texas Commission on Jail Standards. (*Id.*). Although Kalson seeks declaratory, injunctive, and monetary relief, he does not allege what specific injury he incurred as a result of the asserted constitutional violations. (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which

is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## DEFICIENCIES IN KALSON'S COMPLAINT

### A.  All Defendants—Insufficient Allegations to State a Claim

To state a viable claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the

notice pleading requirement for a federal lawsuit, Kalson is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

   1. *Officer Scott*

   As to his claim against Officer Scott, Kalson appears to be alleging an episodic act or omission in violation of his Fourteenth Amendment rights whereby a state jail official breaches his constitutional duty to tend to the basic human needs of those in his charge.[1]  (*Id.*); *see Hare*, 74 F.3d at 645. A pretrial detainee may prevail on such a claim only if he can show the official in question had subjective knowledge of a substantial risk of harm to the detainee but responded with subjective deliberate indifference to it. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997); *Hare*, 74 F.3d at 649 n. 4. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). In other words, the official must know of and disregard an excessive risk to inmate health or safety. Deliberate indifference presents a high bar; "negligence or even gross negligence is not enough." *Feliz v. El Paso Cnty.*, 441 F. Supp.3d 488, 501 (W.D. Tex. 2020) (quoting *Campos v. Webb Cnty.*, 597 F. App'x 787, 792 (5th Cir. 2015)). Moreover, the condition in question must be "so serious as to deprive [the detainee] of the minimal

---

[1] Although Kalson cites to the Eighth Amendment's prohibition against cruel and unusual punishment, it appears he was a pretrial detainee at the time of the alleged events and therefore, his claims arise under the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 532 (1979); *Duvall v. Dallas Cnty., Tex.*, 631 F.3d 203, 206–07 (5th Cir. 2011); *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).

measure of life's necessities, in this case the basic human need for sanitary living conditions." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003).

As pled, the Court finds Kalson has failed to allege a viable Fourteenth Amendment claim against Officer Scott based on his failure to provide sufficient factual allegations to establish deliberate indifference based on a condition that was so serious it deprived him "of the minimal measure of life's necessities, in this case the basic human need for sanitary living conditions." (ECF No. 1); *see Alexander*, 351 F.3d at 630. First, Kalson appears to admit he was provided with cleaning products but felt Officer Scott should clean the cell, stating his "trusty" status should have precluded any requirement that he clean the cell. (ECF No. 1). Second, Kalson's description of the conditions in the cell are somewhat vague and he does not state how long he remained in the cell or what injury, if any, he suffered as a result.

Thus, to avoid a dismissal of his claim against Officer Scott for failure to state a claim upon which relief may be granted, Kalson must file an amended complaint in which he provides sufficient factual allegations to support his claim as opposed to "[l]abels and conclusions" or snippets from legal authorities generally referencing applicable law. *See Iqbal*, 556 U.S. at 678; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

  2. *Sergeants Haynes and Ebert*

As for his claims against Sergeants Haynes and Ebert, Kalson has merely alleged they "were made aware of the incident but failed to take any action to remedy the situation." (ECF No. 1). The Court cannot determine the constitutional violations Kalson is alleging based on this conclusory allegation or, to the extent he is alleging another Fourteenth Amendment violation, how the alleged omissions are violative of that amendment.

5

Moreover, as to Sergeant Ebert, his claim that the Sergeant failed to provide him with a grievance form is unsupported by sufficient factual allegations and fails to allege what constitutional right was violated. (*Id.*). First, the Court finds to the extent Kalson is attempting to allege a constitutional violation based on the mere failure to provide a grievance form, this omission, even if true does not amount to a constitutional violation. Inmates have liberty interests only in "freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *E.g., id.* at 374 (holding that prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance resolved to his satisfaction). Additionally, although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C.1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. *Giddings v. Valdez*, No. 06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007).

Second, to the extent Kalson makes this allegation to raise "unavailability" in an effort to foreclose any claim he failed to exhaust his administrative remedies prior to filing this suit, the Court finds Kalson has made an insufficient factual showing. Kalson merely states Sergeant Ebert refused to provide him with a grievance form. (ECF No. 1). He does not allege whether he sought a form through other avenues, how many times he requested a form, etc. (*Id.*). Finally, to the extent he contends Sergeant Ebert's alleged failure to provide the form was a constitutional violation based on a failure to comply with the policies promulgated by the Texas Commission on Jail

Standards, such a claim is without merit as alleged. A violation of state jail standards is not a *per se* violation of the Constitution because state standards do not establish federal constitutional standards. *See Balli v. Haynes*, 804 F.2d 306, 308 (5th Cir. 1986); *cf. Pena Arita v. United States*, 470 F. Supp.3d 663, 703–04 (S.D. Tex. 2020) (finding plaintiffs' claim that jailers failed to comply with regulations by Texas Commission on Jail Standards did not preclude finding of qualified immunity based on failure to state a constitutional violation).

Thus, to avoid dismissal of his claims against Sergeants Haynes and Ebert, Kalson must file an amended complaint correcting the deficiencies set out above. If Kalson fails to comply with this Order, his claims against Sergeants Haynes and Ebert are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

   *3. The CCJ*

Kalson named the CCJ as a defendant in this matter. (ECF No. 1). However, in his Complaint, Kalson does not appear to allege any claims against the CCJ. Moreover, as discussed below, any claims against the CCJ are not viable.

   **B. The CCJ—Non–Jural**

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. To be subject to suit, a department or office must enjoy a separate legal existence. *Id.* A separate legal existence is created only when the political entity that created the department or office has taken "'explicit steps to grant the servient agency with jural authority.'" *Id.* (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). In the absence of jural authority, the servient department, agency, or office lacks the capacity to be sued. *Id.* Texas federal courts have consistently held

entities without a separate jural existence are not subject to suit. *See, e.g., Batyukova v. Doege*, No. 5:19-CV-00391-JKP, 2019 WL 6699788, at *3 (W.D. Tex. Dec. 9, 2019) (holding BCSO not legal entity capable of being sued).

It does not appear final Comal County policymakers have authorized the CCJ to enjoy a jural existence separate and apart from Comal County, Texas. *Cf. Brown v. Bexar Cnty. Hosp. Dist.*, No. SA-15-CA-123, 2015 WL 3971388, at *1, n.1 (W.D. Tex. June 30, 2015). Thus, in any amended complaint, Kalson must show final Comal County policymakers imbued the CCJ with a separate jural existence, subjecting it to legal action. If Kalson fails to file a properly amended complaint, his claims against the CCJ may be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

To the extent Kalson intended to name Comal County as a defendant by naming the CCJ or Officer Scott and Sergeants Haynes and Ebert as defendants, the Court finds his Complaint deficient. (ECF No. 1). To establish liability on the part of a county, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Kalson fails to allege Comal County has a policy or custom relating to any alleged constitutional deprivation. (Dkt. No. 1); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

Accordingly, in any amended complaint, if Kalson intends to assert a § 1983 claim against Comal County, he should: (1) name the County as a defendant; and (2) provide details and specific facts that would support a claim that the County was responsible for unconstitutional customs, practices, or policies that were the moving force behind the constitutional violations that harmed

or injured him. *See Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

### C. Failure to Allege Physical Injury

As relief for the alleged constitutional violations, Kalson seeks, among other things, compensatory damages. (ECF No. 1). Section 1997e(e) of Title 42 of the United States Code states that under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commissions of a sexual act[.]" 42 U.S.C. § 1997e(e). This section applies to all federal civil actions in which an inmate alleges a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) Kalson has not alleged a physical injury—or even a mental injury for that matter. (ECF No. 1). Thus, it appears compensatory damages are not available to him. *See* 42 U.S.C. § 1997e(e). Thus, in any amended complaint Kalson must show why his request for compensatory damages should not be dismissed.

### D. Improper Relief—Request for Injunctive Relief Moot

Kalson requests injunctive relief "to prevent further violations of [his] constitutional rights." (ECF No. 1). A request for injunctive relief such as that asserted by Kalson is moot once the inmate is transferred from the complained–of facility. *See, e.g., Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (per curiam); *Edward v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000).

As noted above, Kalson is no longer confined in the CCJ; rather, he is now incarcerated in a TDCJ unit. *See, supra.* Because Kalson is no longer confined in the CCJ and there is no reasonable likelihood he will be returned to the CCJ or that the alleged violations will recur, his request for injunctive relief is moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)

(holding inmate's request for injunctive relief became moot when inmate was transferred out of prison facility and "[a]ny suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief"). Thus, in any amended complaint Kalson should remove his request for injunctive relief.

RIGHT TO AMEND

Before dismissal of his Complaint, Kalson is entitled to amend to attempt to cure any deficiencies. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). If Kalson fails amend his Complaint in accordance with this Show Cause Order, any deficient claims may be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that **within thirty (30) days of the date of this Order**, Kalson must show cause why the deficient § 1983 claims within his Complaint (ECF No. 1) should not be dismissed by filing an amended complaint. Kalson's amended complaint should not exceed twenty (20) pages. Further, Kalson should present his amended claims by using the § 1983 complaint form provided by the Clerk of Court. **The Clerk of Court is directed to provide Kalson with a copy of the § 1983 form.**

Kalson is advised that any amended complaint will supersede his original complaint. Thus, Kalson should include all defendants, allegations, and claims for relief in his amended complaint without reference to his original complaint.

If Kalson fails to comply with this Order, his Complaint can be dismissed for failure to prosecute and failure to comply with this Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

10

**SIGNED** August 2, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE