UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JUSTUS JAMES KALSON,** <br> **TDCJ #02409444,** <br><br> Plaintiff, <br><br> v. <br><br> **OFFICER ANDREW SCOTT, #3345,** <br> **Comal County Jail,** <br><br> Defendant. | §§§§§§§§§§§§§ <br><br> SA-23-CV-00930-XR |

### ORDER

Before the Court are *pro se* Plaintiff Justus James Kalson's "Motion to Compel Discovery Responses" and Defendant Officer Andrew Scott's response to the motion. (ECF Nos. 67, 68). Upon review, the Court orders Kalson's motion **DENIED**. (ECF No. 67).

#### MOTION TO COMPEL

Kalson seeks to compel production of certain medical records and body camera footage he contends Defendant Scott has failed to produce in response to discovery requests. (*Id.*); *see* FED. R. CIV. P. 37(a). Specifically, Kalson seeks to compel production of medical records relating to "mental health treatment in May 2022" and "complete body cam footage from the officers who entered cell dorm D4 in response to the peaceful striking incident" and a copy of video "scott000050 with full audio" and the "video visit with Preston Buse with audio." (*Id.*). Defendant Scott contends Kalson's motion should be denied because the documents and videos sought by

Kalson have either: (1) already been produced to Kalson in their original, unedited form; or (2) are not in his possession, custody or control. (ECF No. 68); *see* FED. R. CIV. P. 34.

### A. *Medical Records*

As it pertains to Kalson's request for production of medical records relating to "mental health treatment in May 2022," Defendant Scott states that Kalson provided a signed medical authorization identifying Dr. Jeri Penkava as his mental health provider. (ECF No. 68). Indeed, Kalson's medical authorization, which he filed with the Court, states "Dr. Jeri Penkava" should be contacted "for any mental health records outside of jail." (ECF No. 23). Based on the Kalson's sworn medical authorization, Defendant Scott issued Depositions on Written Questions for Kalson's medical/mental and billing records to Jeri Penkava, M.D., and/or Holistic Developmental Behavioral Pediatrics and Integrative Medicine, which Defendant Scott discovered is the company through which Dr. Penkava practices medicine. (ECF No. 68). On February 6, 2024, Defendant Scott was advised by its records service company that it had been unable to reach anyone by phone at Dr. Penkava's practice to secure production of Kalson's records. (*Id.*). The company advised that if this continued, it would send a demand letter. (*Id.*, Exh. A). On February 24, 2024, the records company sent a demand letter to Dr. Penkava's practice, but no response was received from the doctor, Holistic Developmental Behavioral Pediatrics, or Integrative Medicine. (*Id.*, Exh. B). On April 9, 2024, the records company advised Defendant Scott that all attempts to contact Dr. Penkava, Holistic Developmental Behavioral Pediatrics, and Integrative Medicine went unanswered, all efforts were exhausted, and no records were produced or received. (*Id.*, Exh. C).

Thus, Kalson's records from Dr. Penkava are not in Defendant Scott's possession due to Dr. Penkava's refusal to comply with the demand. (ECF No. 68, Exhs. A–C); *see* FED. R. CIV. P. 34.

The only other medical records in Defendant Scott's custody or control are those maintained by CorrHealth (now Turnkey), the medical provider contracted to perform medical and mental health services for the Comal County Jail. (ECF No. 68). Pursuant to the Court's Scheduling Order, Defendant Scott provided Kalson with an affidavit from RN Nelda Delgado, a CorrHealth employee, who averred she reviewed Kalson's medical records and although he was previously diagnosed with bipolar disorder and had a long history of anxiety and panic attacks, he never requested or received any medical or mental care relating to the incident that forms the basis of this pending matter. (*Id.*, Exh. D). In response to a July 18, 2024 letter from Kalson seeking mental health records from Comal County regarding alleged treatment in May 2022 for depression, Defendant Scott again reviewed Kalson's medical records and discovered a file dated May 24, 2022, documenting a visit with Hill Country Mental Health Developmental Disabilities. (ECF No. 68). However, because that medical record was unrelated to the incident forming the basis of Kalson's § 1983 action, it was not provided to Kalson originally. (*Id.*). Defendant Scott provided only those documents required by the Scheduling Order, which are those medical records relating to injuries allegedly suffered as a result of the incident set out in the Complaint. (ECF Nos. 17, 68). However, out of an abundance of caution, Defendant Scott states he produced that record to Kalson as of the date of his response to the motion to compel. (ECF No. 68, Exh. E.). Other than this last item, Defendant Scott states he has produced to Kalson all medical and/or mental health records in his possession, custody, or control. (ECF No. 68).

3

Based on Defendant's Scott response and the exhibits provided in support, the Court finds Kalson's motion to compel as it relates to his medical records—mental or medical—should be denied. Defendant Scott has established that he has produced all documents relating to Kalson's medical records that are within his possession, custody, or control, which is all that he is required to produce. *See* FED. R. CIV. P. 34.

### B. Videos

Kalson also seeks to compel production of certain videos: "complete body cam footage from the officers who entered cell dorm D4 in response to the peaceful striking incident," "scott000050 with full audio," and "video visit with Preston Buse with audio." (ECF No. 67). Defendant Scott states he has produced all video—unedited—in his possession, custody, or control that is related to the basis of Kalson's § 1983 claim. (ECF No. 68).

On April 24, 2024, Kalson sought additional body camera footage from Defendant Scott and Corrections Officer William Chavez. (ECF No. 38). On May 5, 2024, Defendant Scott advised Kalson that he had previously produced eleven (11) videos on February 4, 2024, and February 19, 2024. He again provided the same videos when it was discovered Kalson had not received them; Kalson admittedly reviewed the videos on August 22, 2024. (ECF No. 66, Exh. A). Thus, Defendant Scott has provided Kalson with all the video in his possession, custody, and control.

As for Kalson's claim that some of the videos lack audio, Defendant Scott states that video "scott000050" is fully complete. (ECF No. 68). Defendant Scott explains that once activated, body cameras buffer for thirty to forty–five seconds prior to full activation. (*Id.*). There is no audio during this buffering period. (*Id.*). Thus, in "Scott000050," there is no audio for the initial forty–five seconds. (*Id.*). The video provided by Defendant Scott to Kalson was provided in its

4

unedited and unaltered from. (ECF No. 68). There is no video with additional audio in Defendant Scott's possession, custody, or control. (*Id.*); *see* FED. R. CIV. P. 34.

As for the video with Preston Buse, that was produced to Kalson as "Scott000051," and as produced is, contrary to Kalson's claim, unmuted. Defendant Scott states he reviewed the entire video as provided to Kalson and at no point during the video is it muted. Thus, Kalson's motion to compel as to the Buse video should also be denied.

### C. *Prior Discovery Requests*

Kalson contends in his motion that he previously sent a written request to Defendant Scott for the records and videos that are the subject of this motion to compel, but Defendant Scott failed to respond. (ECF No. 67). On April 24, 2024, Kalson filed a motion seeking body camera footage from Defendant Scott and CO Chavez relating to the incident that is the subject of this matter. (ECF No. 38). On May 13, 2024, Kalson filed a motion for production seeking that same body camera footage as well as body camera footage from Officer Ryan Thames. (ECF No. 42). On May 22, 2024, this Court dismissed without prejudice both motions. (ECF No. 46). Thus, the Court finds there was nothing more that required a response by Defendant Scott.

## CONCLUSION

Based on the foregoing, the Court finds Defendant Scott has responded to Kalson's discovery requests by providing all requested information within his possession, custody, or control. Any documents or videos not produced either do not exist, were previously produced in their unedited form, or are not within Defendant Scott's possession, custody, or control. Thus, Kalson's motion to compel will be denied.

**IT IS THEREFORE ORDERED** that Kalson's "Motion to Compel Discovery Responses" (ECF No. 67) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 9th day of September, 2024.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE